UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
SHEMTOV ERGAS, individually and on behalf :
of all others similarly situated :
: Case No.:
    Plaintiff, :
: **CLASS ACTION COMPLAINT**
          - against - :
: **DEMAND FOR JURY TRIAL**
THE ACCOUNTS RETRIEVABLE SYSTEM :
INC. and MAIDENBAUM & ASSOCIATES, :
PLLC, :
:
          Defendants. :
------------------------------------------------------------- X

    Plaintiff Shemtov Ergas (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through his attorneys, Balisok & Kaufman, against Defendant The Accounts Retrievable System Inc (hereinafter "Defendant TARSI" or collectively "Defendants"), and Defendant Maidenbaum & Associates, PLLC (hereinafter "Defendant Maidenbaum") (collectively "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

    1.    Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the

1

effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to this claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings, and consents to this Court's jurisdiction.

8. Defendant The Accounts Retrievable System Inc ("TARSI") is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 2050 Bellmore Avenue, Bellmore, New York, 11710.

9. Defendant Maidenbaum & Associates, PLLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a Department of State service address at 1890 George Court, Merrick, New York, 11566.

10. Upon information and belief, Defendants' use the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. for whom Defendant TARSI obtained a renewal judgment in attempting to collect a consumer debt;

   c. and used Defendant Maidenbaum as its attorney and/or debt collector;

   d. for which Defendants' sought double interest on any account, including collection letters, Subpoenas Duces Tecum, phone calls, or any other correspondence or communication on any applicable account;

   e. on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' practice of calculating its judgment balances violates 15 U.S.C. §§ l692e and 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' actions in achieving state court judgments on collection claims violate 15 USC §l692e and 1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions and has additional class counsel available to appear if needed. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. At a date better known to Defendants, the Plaintiff allegedly incurred a debt to Chase Manhattan Bank USA, N.A..

22. The underlying obligation arose out of transactions in which money, property, insurance or services which were the subject of the transactions were primarily for personal, family or household purpose, specifically what appears to be a personal credit card.

23. Chase Manhattan Bank USA, N.A. is a "creditor" as defined by 15 U.S.C. §1692a(4).

24. In 2001, Chase Manhattan Bank USA, N.A. filed a lawsuit in the Civil Court of the City of New York, County of Kings, against Plaintiff and obtained a judgment against Plaintiff on December 12, 2001. See 2001 Judgment attached hereto as Plaintiff's Exhibit 1.

25. The total amount of the judgment as of the date that the judgment was entered, on December 12, 2001, was $3,757.34. See Exhibit 1.

26. At some point in the next ten years, on a date better known by Defendants, the subject account appears to have been purchased by Defendant TARSI.

27. Defendant TARSI thereafter contracted with Defendant Maidenbaum to collect on the alleged debt.

28. Defendants' collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

29. On or about July 18, 2011, Defendant TARSI, through its attorney debt collector Defendant Maidenbaum, filed a lawsuit in the New York Supreme Court, Kings County, on the same subject account seeking the renewal of the judgment lien as the subject judgment lien on real property is limited to ten years only subject to renewal. See 2011 Complaint attached hereto as Plaintiff's Exhibit 2.

30. On or about October 26, 2012, the Court granted the Defendants' request for a default judgment and entered a judgment on the subject account again. See 2012 Judgment attached hereto as Plaintiff's Exhibit 3.

31. Said 2012 judgment not only renewed the subject judgment lien for another ten years, but also taxed the subject costs into the judgment, which was calculated at a total of $8.027.42. See Exhibit 3.

32. The exact breakdown of the $8,027.42 judgment was the original 2001 judgment in the amount of $3,767.43, plus interest on the subject judgment from December 12, 2001 in the amount of $3,644.99, as well as additional costs of $615.00. See Exhibit 3.

33. In February of 2020, Plaintiff received from his bank a Subpoena Duces Tecum served by Defendant Maidenbaum to Plaintiff's bank. See Subpoena Duces Tecum attached

hereto as Plaintiff's Exhibit 4 (a clearer copy of the document is or should be in the Defendants' possession and will be requested in discovery).

34. Within the Subpoena Duces Tecum, Defendants' plainly state that "there is now actually due thereon the sum of $13,191.58 as of December 20, 2019." See Exhibit 4.

35. Plaintiff was shocked to have received this correspondence since he had never been served with a lawsuit and had no clue who either Defendant was and why they would be able to subpoena his bank, and Plaintiff was not aware that he owed such an amount of money to any entity.

36. Upon receipt of this letter Plaintiff started investigating and putting together the pieces, including hiring an attorney to pull the file and review any record available with the Clerk of the Court for the Civil Court of the State of New York as well as the Clerk of the Court of the Supreme Court, Kings County, to obtain further information about the lawsuit.

37. Plaintiff's investigation yielded the discovery of both the 2001 and 2011 lawsuits, as well as the related 2001 and 2012 judgments, although Plaintiff is still waiting for the complete 2001 file to be pulled from the New York State court's archives for full reviewal of same.

38. However, in attempting to figure out what account this was on from so far back as well as why the amount sought in the Subpoena Duces Tecum was so high, Plaintiff discovered that the Defendants were seeking double interest from the date of the 2012 judgment.

39. The original 2001 judgment was entered for the principal amount of $3,513.60 plus interest and costs for a total of $3,757.34. See Exhibit 1.

40. The judgment was entered on December 12, 2001, and accrues interest at the New York statutory interest rate of 9% per annum. See CPLR § 5004.

41. If the 2001 judgment of $3,757.34 was calculated at 9% from December 12, 2001 until March 4, 2020, after the Plaintiff received the Subpoena Duces Tecum, the interest would be $6,183.91 which together with the judgment of $3,757.34 would equate to $9,951.25. See Interest Calculation on the 2001 judgment attached hereto as Plaintiff's Exhibit 5.

42. However, the Defendants' in their Subpoena Duces Tecum plainly state that "there is now actually due thereon the sum of $13,191.58 as of December 20, 2019", which is thousands more than the correct balance due. See Exhibit 4.

43. In attempting to understand how the balance was reached, Plaintiff searched to see whether there was any additional costs or fees that could have been added to the subject account in the 2012 judgment, but even said judgment only included a mere $615.00 in costs, yet the Defendants' documents still allege entitlement to thousands of dollars more than what should have been owed on the subject account. See Exhibit 3.

44. Plaintiff believes that the Defendants either intentionally or negligently filed the complaint seeking a renewal judgment of the subject judgment lien on real property, but instead of just renewing the lien, they add on previous interest and the costs of bringing the subject action, and then they calculate the total balance as of the date of the new judgment and seek interest on the full balance.

45. Accordingly, from the date of the renewed judgment, the Defendants are charging interest on the original judgment balance, interest on the costs for bringing the renewed judgment, and <u>they also charge judgment interest on the original 10 years or so of interest that was added into the renewal judgment</u>.

46. In attempting to confirm the veracity of same, the October 26, 2012 judgment was for the amount of $8.027.42, which included within said sum the original 2001 judgment in

the amount of $3,767.43, plus interest on the subject judgment from December 12, 2001 in the amount of $3,644.99, as well as additional costs of $615.00. See Exhibit 3.

47. If the 2012 judgment of $8.027.42 was calculated at 9% from October 26, 2012 until March 4, 2020, after the Plaintiff received the Subpoena Duces Tecum, the interest would be $5,231.46 which together with the judgment of $8.027.42 would equate to $13,258.88. See Interest Calculation on the 2012 judgment attached hereto as Plaintiff's Exhibit 6.

48. This amount is within the same ballpark of the amount demanded in the Subpoena Duces Tecum wherein the Defendants plainly state that "there is now actually due thereon the sum of $13,191.58 as of December 20, 2019".

49. Accordingly, although New York Law only allows judgment interest of 9% pursuant to CPLR § 5004, Defendants' have found a way to maximize their profits and charge judgment debtors more by what appears to be a cleverly disguised money grab where the Defendants' can point to the renewal judgment as authority to maximize said profits.

50. In support thereof, if the 2001 judgment of $3,757.34 was calculated at <u>13%</u> from December 12, 2001 until December 20, 2019, the date listed in the Defendants' Subpoena Duces Tecum ("there is now actually due thereon the sum of $13,191.58 as of December 20, 2019"), the interest would be $8,831.68 which together with the judgment of $3,757.34 and the additional costs in the 2012 judgment of $615.00 would equate to $13,214.02, within $30 of the amount demanded in said Subpoena Duces Tecum. See Interest Calculation on the 2001 judgment attached hereto as Plaintiff's Exhibit 7.

51. Thus the Defendants have misstated the debt and overcharged the Plaintiff by seeking 13% judgment interest on the subject debt, which is not an amount authorized by law or contract.

52. Additionally, under information and belief, the Defendants have not just done this to Plaintiff, but have done this hundreds of times to other New York judgment debtors as well.

53. A simple search of New York's online E-Court system shows at least 298 lawsuits visible online where the Defendants likely are overcharging other judgment debtors as well. See E-Court search results showing 298 hits attached hereto as Plaintiff's Exhibit 8.

54. Defendants knew or should have known that by adding in previous judgment interest into the renewal judgment itself and then charging judgment interest on that total sum which included previous judgment interest is a glaring violation as each judgment debtor from that point on is being charged double interest.

55. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

56. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

57. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

58. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59. Defendants violated said section

    a.    by using deceptive means and/or falsely calculating and representing the balance due in violation of §1692e(10); and

  b. by falsely representing the character, amount or legal status of the debt in violation of §1692e(2)(A);

  c. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

60. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

61. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

62. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

63. Pursuant to 15 U.S.C. §1692f(1), a debt collector may not collect an amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

64. Defendants violated these sections via its scheme that in effect charged debtors double interest and more than what was allowed by contract or law.

65. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

66. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Shemtov Ergas, individually and on behalf of all others similarly situated, demands judgment from Defendants as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Joseph Balisok, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Brooklyn, New York
April 3, 2020

        /s/ Joseph Balisok_____
Joseph Balisok, Esq.
251 Troy Ave
Brooklyn, NY 11213
Office (718) 928-9607
Fax (718) 534-9747
Joseph@LawBalisok.com
Attorney for Plaintiff